UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GIANNIS ANTETOKOUNMPO,

                Plaintiff,

      - against -

GAVIN INVERSO, JOE INFANTI,
NATHAN ASHBY, RONEY PERKINS,
NICHOLAS REGINI, BAILEY CARLIN, and
ME'KHAIL COBB,

                Defendants.

**ORDER**

21 Civ. 8731 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Giannis Antetokounmpo asserts claims for false designation of origin and false description, in violation of 15 U.S.C. § 1125; deceptive and unfair trade practices, in violation of N.Y. Gen. Bus. L. § 349; as well as various other state law claims for unfair competition, misappropriation, unjust enrichment, tortious interference with prospective economic advantage, and violations of his right of publicity. (Cmplt. (Dkt. No. 1) ¶¶ 31, 47-77) These claims arise out of Defendants' alleged unauthorized use of Plaintiff's name and likeness in products sold though various media, platforms, and websites. (Id. ¶ 31)

      Plaintiff has moved for a default judgment against Defendant Me'Khail Cobb (Dkt. No. 43) who has not appeared in this action (Cert. of Default (Dkt. No. 39)).[1] Plaintiff asserts that Defendant Cobb "is an individual with an address at 3941 Teddington Way[;] Indianapolis, Indiana 46228" (Cmplt. (Dkt. No. 1) ¶ 25), and that he was served with the Summons and Complaint at 9500 N. Meridian St., Indianapolis, Indiana. (Aff. of Service (Dkt. No. 27); Pardalis Aff. (Dkt. No. 38) ¶ 3)

---

[1] Plaintiff has filed notices of dismissal against the remaining Defendants. (Dkt. Nos. 24, 26, 29-31, 33, 35, 40-42)

Before this Court can grant Plaintiff the relief he seeks as to Defendant Cobb, Plaintiff must demonstrate that this Court has personal jurisdiction over him. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133 (2d Cir. 2011).

Plaintiff asserts that

> [p]ersonal jurisdiction exists over Defendant in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business in New York and in this judicial district, and/or derive[s] substantial revenue from [his] business transactions in New York and in this judicial district and/or otherwise avails himself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant do not offend traditional notions of fair play and due process, and/or Defendant's infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendant should reasonably expect such actions to have consequences in New York and in this judicial district, for example:
>
> a) Upon information and belief, Defendant has been systematically directing and/or targeting business activities at consumers all over the country, including New York, through https://instagram.com and potentially other websites where consumers can place orders.
>
> b) Defendant used Instagram (https://instagram.com) and other online shops and potentially other social media platforms to sell the Infringing Products, websites which provide information about and describes the goods sold and further allows online sales with the use of a credit card and other means of payment, and they provide for shipping of purchased items.
>
> c) Upon information and belief, Defendant is aware of the products that Antetokounmpo offers and that these products bear Plaintiff's name or likeness. Defendant is aware that his infringing actions, alleged herein, are likely to cause injury to Antetokounmpo in New York and in this judicial district specifically, as Antetokounmpo conducts substantial business in New York.

(Pltf. Br. (Dkt. No. 45) at 8-9; see also Cmplt. (Dkt. No. 1) ¶ 14)

Plaintiff argues that "[u]nder New York's long-arm statute, even a single act of contact with New York may permit a court to exercise personal jurisdiction over a non domiciliary defendant, so long as there is a substantial relationship between the transaction and the claim asserted. A defendant's operation of a highly interactive website that offers

2

merchandise for sale to consumers in New York and shipment of such merchandise to New York sufficiently demonstrates the defendant's purposeful availment of the benefits of transacting business in New York." (Pltf. Br. (Dkt. No. 45) at 9-10 (citing New York. Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536 (S.D.N.Y. 2015)))

New York's long-arm statute provides, in relevant part, that a court may exercise specific personal jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. CPLR § 302(a)(1). Under N.Y. CPLR § 302(a)(3), a court can also exercise jurisdiction over a defendant for "causing injury to a person or property within the state," but only if the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue in the state." To establish personal jurisdiction under these provisions, a plaintiff must show that "(1) defendant purposefully availed [himself] of the privilege of doing business in the forum state such that the defendant could foresee being brought into court there; and (2) plaintiff's claim arises out of or is related to the defendant's contacts with the forum state." See Aqua Products, Inc. v. Smartpool, Inc., No. 04 Civ. 5492 (GBD), 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005).

Courts in this Circuit have found that defendants have "purposefully availed themselves of the privileges of conducting activities in New York . . . [b]y shipping . . . [infringing] products to New York." Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020) (quoting WowWee Grp. Ltd. v. Meirly, No. 18-CV-706 (AJN), 2019 WL 1375470, at *3 (S.D.N.Y. Mar. 27, 2019)) and citing Brady v. Anker Innovations Ltd., 2020 WL 158760, at *5 (S.D.N.Y. Jan. 13, 2020); EnviroCare Techs., 2012 WL 2001443, at *4 (E.D.N.Y. June 4, 2012). A single transaction is sufficient to justify the exercise of personal jurisdiction.

3

Id. at 363 (citing WowWee Grp. Ltd, 2019 WL 1375470, at *3); see also Grand v. Schwarz, 2016 WL 2733133, at *2-3 (S.D.N.Y. May 10, 2016) ("Section 302(a)(1) is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction."); New York. Rovio Ent., 97 F. Supp. 3d at 542 (finding that the exercise of personal jurisdiction was proper where "[p]laintiff's counsel made a purchase from [defendants'] websites . . . , and these products were delivered to . . . New York. . . .").

Here, Plaintiff's counsel has submitted a declaration stating that Defendant Cobb offered for sale on Instagram.com apparel that contains an image of Plaintiff's likeness and name (Pardalis Decl. (Dkt. No. 44) at 23)  Attached to the declaration is a screenshot that appears to show an entity with the Instagram handle "king_Khail00" offering for sale a particular T-shirt for $34.99.  (Id., Ex. B (Dkt. No. 44-6))  This screenshot does not show that a sale was made into New York.

Accordingly, by **February 22, 2022**, Plaintiff will either provide (1) proof of a sale into New York as to Defendant Cobb; or (2) cite legal authority for the proposition that an offer of sale on an interactive website provides a sufficient basis for the exercise of personal jurisdiction.  In addition, to the extent that Plaintiff intends to rely on screenshots from Instagram or other media platforms to demonstrate that the Court may exercise personal jurisdiction over Defendant Cobb, Plaintiff must also explain the basis to believe that a particular account is owned by Defendant Cobb.  Absent such a showing, Plaintiff's claims against Defendant Cobb will be dismissed for lack of personal jurisdiction.

The initial pre-trial conference scheduled for February 17, 2022 is adjourned <u>sine die</u>.

Dated: New York, New York
February 15, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge